MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gavino Lomeli, | No. CV 1-08-1575-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| California Department of Corrections, et al., | |
| Defendants. | |

On September 23, 2008, Plaintiff Gavino Lomeli, who is confined in the California State Prison-Corcoran in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), in the United States District Court for the Northern District of California. The case was transferred to this District.

This case was reassigned to the undersigned judge on November 24, 2008. On December 12, 2008, Plaintiff filed a "Motion for a Restraining Order on a Correctional Officer that has been Har[]assing Plaintiff" (Doc. #11). The Court will dismiss the Complaint with leave to amend and will deny without prejudice the Motion for a Restraining Order.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

JDDL

1  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3  be granted, or that seek monetary relief from a defendant who is immune from such relief.
4  28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the
5  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
6  before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
7  (*en banc*).

8  The Court should not, however, advise the litigant how to cure the defects. This type
9  of advice "would undermine district judges' role as impartial decisionmakers." Pliler v.
10  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
11  whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint
12  will be dismissed with leave to amend because the Complaint may possibly be saved by
13  amendment.

14  Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement
15  of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be
16  simple, concise, and direct." A complaint having the factual elements of a cause of action
17  scattered throughout the complaint and not organized into a "short and plain statement of the
18  claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr.
19  Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.
20  1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state
21  claims in "numbered paragraphs, each limited as far as practicable to a single set of
22  circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each
23  claim founded on a separate transaction or occurrence . . . must be stated in a separate
24  count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling
25  narrative in an attempt to determine the number and nature of a plaintiff's claims.

26  The Court has reviewed Plaintiff's Complaint. It is a convoluted collection of vague
27  and conclusory contentions. The Court concludes that the Complaint fails to comply with
28  Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court cannot meaningfully

1  review the Complaint, as required by 28 U.S.C. § 1915A(a).  Accordingly, the Court will
2  dismiss the Complaint with leave to amend.

3  **II.     Leave to Amend**

4  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
5  comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Within 30 days,
6  Plaintiff may submit a first amended complaint on the form provided with this Order.  If
7  Plaintiff fails to use the form provided with this Order, the Court may strike the amended
8  complaint and dismiss this action without further notice to Plaintiff.

9  Plaintiff must clearly designate on the face of the document that it is the "First
10  Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety
11  on the form provided with this Order and may not incorporate any part of the original
12  Complaint by reference.

13  Plaintiff must comply with the instructions provided with the form.  Plaintiff should
14  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
15  with the instructions provided with the form, the Court may strike the amended complaint
16  and dismiss this action without further notice to Plaintiff.

17  Among other requirements contained in the instructions, Plaintiff must provide
18  information in an amended complaint regarding the Court's jurisdiction and the defendants,
19  and he must divide his lawsuit into separate counts.  In each count, Plaintiff must identify
20  the federal constitutional civil right allegedly violated, check the box for the issue most
21  closely involved, state how each defendant participated in the alleged violation at issue,
22  explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff
23  exhausted any available administrative remedies.  Plaintiff must repeat this process for each
24  civil rights claim.  Plaintiff may allege only one claim per count.

25  A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
26  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
27  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
28  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

### III.     Motion for a Restraining Order

Whether to grant or deny a motion for a temporary restraining order is within the Court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

An injunction is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. DeBeers Consol. Mines v. United States., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir.), amended, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

Because the Court is dismissing the Complaint with leave to amend, the Court cannot determine at this time whether the relief requested in the Motion for Restraining Order relates to the conduct that will be asserted in the amended complaint. Thus, the Court will deny without prejudice the Motion for Restraining Order.

. . . .

. . . .

**IV.	Warnings**

    **A.	Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.	Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.	Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)	The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(2)	Plaintiff's Motion for a Restraining Order (Doc. #11) is **denied without prejudice**.

(3)	If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

. . . .

. . . .

. . . .

. . . .

(4)     The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 12th day of February, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge